NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PHILLIP HUNTER,               )
                              )
         Appellant,           )
                              )
v.                            )      Case No. 2D13-3001
                              )
STATE OF FLORIDA,             )
                              )
         Appellee.            )
_____)

Opinion filed July 2, 2014.

Appeal from the Circuit Court for
Hillsborough County; Marion L. Fleming,
Associate Senior Judge.

Phillip Hunter, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui, Assistant
Attorney General, Tampa, for Appellee.

PER CURIAM.

Phillip Hunter appeals an order adjudicating him guilty of direct criminal contempt, imposing a fine, and committing him to jail for five days. The direct contempt charge arose from a civil matter in which Mr. Hunter became obstructive and profane during the proceedings. The record suggests that the jail sentence may have been fully served already. But even if it has been served, the case is not moot, and procedural due process concerns compel us to reverse the contempt order.

Mr. Hunter maintains that the trial court did not satisfy the requirements of Florida Rule of Criminal Procedure 3.830 in several respects. He claims that it failed to apprise him of the accusation against him, failed to offer him an opportunity to show cause why he should not be adjudged guilty, failed to give him an opportunity to present excusing or mitigating evidence, and failed to pronounce his sentence in open court. Although we do not disturb the trial court's findings with respect to Mr. Hunter's contemptuous conduct, we must reverse the contempt order because the record does not demonstrate that the trial court satisfied these procedural requirements.

On remand, the trial court is not required by our mandate to conduct further proceedings. If the trial court determines that it is appropriate to reinstate the judgment of contempt, it must conduct a hearing, upon proper notice to Mr. Hunter, in order to give him an opportunity to show cause why he should not be adjudged guilty and to afford him an opportunity to present mitigating or excusing evidence. Following any hearing, if the court determines the judgment of contempt should be reinstated, it should give due regard to principles of double jeopardy when imposing any sanction.

Reversed and remanded with directions.

ALTENBERND, VILLANTI, and CRENSHAW, JJ., Concur.